REVOR, Respondent, vs. REVOR, Appellant.

*November 6—December 2, 1952.*

For the appellant there was a brief by *Steele, Mau & Toepel* of La Crosse, and oral argument by *Eugene A. Toepel.*

For the respondent there was a brief by *Kostner & Krumholz* of Bloomer, and *Johns & Pappas* of La Crosse, and oral argument by *Peter G. Pappas.*

MARTIN, J.    This is a replevin action, and the question for decision is whether the plaintiff is entitled to possession of the property.

Plaintiff and her two sisters testified that on the day after Fred Revor's death the subject of the trailer came up in the conversation and plaintiff said she would let defendant take it and he and the other children could use it.

Defendant testified that his first conversation with plaintiff regarding the trailer was on the day he took it, some two weeks after his father's death. He had come for it in response to a call from his sister that plaintiff was giving the trailer to the children and wanted him to take care of it. The testimony of Mildred Kuehnest, the sister, was to the same effect.

Alfred La Frania, a disinterested witness, testified that about a week after the funeral plaintiff told him she was going to give the trailer to all the children because she wanted it to stay in the family.

About two weeks after defendant took the trailer he came back for some tools and at that time he asked plaintiff whether she had found the title to the trailer. She replied that she could not give it to him because if she did she would be giving him the trailer. Plaintiff corroborates this.

The question whether plaintiff had parted with title to the property by gift was for the jury, and the evidence supports its finding that she had. Although there is inconsistency between the proof and the answer filed by defendant, it is immaterial in this action whether plaintiff made the gift to defendant alone or to all the children of Fred Revor. The only question being that of plaintiff's right to possession of the property and the jury having found, upon sufficient credible evidence, that she made a gift of the trailer, the trial court erred in changing the answer of the special verdict and granting judgment for the plaintiff.

*By the Court.*—Judgment reversed and cause remanded with directions to dismiss the complaint.